**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No. 1:23-cv-22070-DPG**

GORA GROUP LLC,

Plaintiff,

vs.

KISS NUTRACEUTICALS LLC,

Defendant.

_______________________________/

Certified to be a true and correct copy of the document on file
Angela E. Noble, Clerk,
U.S. District Court
Southern District of Florida
By Martha Diaz
Deputy Clerk
Date 8|1|25

**ORDER ON DEFAULT FORECLOSURE AND FINAL JUDGMENT**

THIS CAUSE comes before the Court upon the Motion for Final Default Foreclosure as to Defendant Kiss Nutraceuticals [ECF No. 56] and Plaintiff's Supplement to the Motion [ECF No. 60]. Plaintiff has moved for a default judgment of foreclosure consistent with Federal Rule of Civil Procedure 55(b)(2). On January 7, 2025, the Court entered a default under Rule 55(a) given Defendant's failure to obtain counsel. [ECF No. 55]. "A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (internal citation omitted). In issuing a default judgment, a court may not award damages "without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation," as long as "all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985)).

Plaintiff filed the Complaint on June 05, 2023, seeking to foreclose on a UCC Lien pertaining to a Secured Promissory Note for the procurement of the G300 Gummy Production

System ("Subject Property")[1]. [ECF No. 1]. Based on the Secured Promissory Note, Defendant agreed to pay Plaintiff $470,900.00 with interest at the rate of 11.41% per annum, in consideration for credit extended by Plaintiff in the principal aggregate amount of $470,900.00. Defendant defaulted on the Secured Promissory Note by, including but not limited to: falsifying written invoices, providing fake GMP certifications; and failing to provide Plaintiff with timely payments in the amount of $353,725.00.

Therefore, Gora Group is entitled to the entry of a final judgment of foreclosure on Counts I and II of its Complaint against Defendant KISS NUTRACEUTICALS LLC in the amounts set forth below:

A. Principal Balance - $470,900.00

B. Interest through April 1, 2025 - $80,999.32.

C. Attorney's fees - $13,500

D. Court costs - $740.00

TOTAL - **$566,139.32**. For this sum, let execution issue.

It is further **ORDERED AND ADJUDGED** as follows:

The subject property shall be sold at public sale by the Clerk of Court in accordance with the forum where the Subject Property resides.

GORA GROUP LLC shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if it is not the successful bidder at the public sale. If the GORA

---

[1] Described as G300 Gummy Production System, 260 piece quick release Tool-Free Mold Set, Dual hopper for dual color and central filled gummy, Servo Driven, Fill Station, Servo Driven Conveyor and Cooling Tunnel and automatic de-molding solution, ABB motor, high quality international brand Electric components, Auto Dosing System. Packing & Crating & Inland: Spare Parts Kit, 800 items of Gummy Drying Trays, 25 items of Drying Tray Dolly, 520 items of Extra Format mold set (2 sets), oil drum and conveyor to load gummy into the drum. 2 items of 300L Jacketed Cooking Kettle, with high shear mixer and Transfer Pumps, 300L cooling tank, and 400L Jacketed Storage Tank, Stand Alone Control Panel, and filed as a UCC lien in the State of Colorado - Master ID: 20232016730 Validation Number: 20232016730

GROUP LLC is the successful bidder, then the U.S. Marshal shall credit the GORA GROUP LLC's bid with the total sum set forth in paragraph 3 hereof, together with interest and costs accruing subsequent to this Judgment.

GORA GROUP LLC shall file a sworn statement attesting to any such additional costs prior to the public sale, and the U.S. Marshal shall credit these sums against the GORA GROUP LLC's bid, in addition to the total sum set forth in paragraph 3 hereof, and additional interest accruing prior to the public sale.

GORA GROUP LLC, either prior or subsequent to the public sale, may assign its rights hereunder to a third party, and the U.S. Marshal is hereby directed to recognize any such assignment without further order of this Court, and to issue a Certificate of Title to any such assignee as directed by the GORA GROUP LLC. If GORA GROUP LLC is the successful bidder, and its rights are not assigned to a third party, then the U.S. Marshal is directed to issue a Certificate of Title to the GORA GROUP LLC.

The Defendant's last known address is 4969 N Colorado Blvd Denver, CO, 80216. Any pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida this 7th day of May, 2025.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE